NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Edwin LORENZO,

        Plaintiff,

v.

Sergeant E. MOORE, et al.,

        Defendant.

Civ. No. 06-2717

OPINION

THOMPSON, U.S.D.J.

    This matter comes before the Court on Plaintiff's Motion for a New Trial [docket # 108]. The Court has decided the motion upon consideration of the parties' written submissions, without holding oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons given below, the motion is denied.

**A. Background**

    Plaintiff brought this lawsuit under 42 U.S.C. § 1983 alleging that, while incarcerated, he was subjected to excessive force by four Sheriff's Officers. During the three-day jury trial, Plaintiff's counsel called three witnesses in the following order: the Plaintiff himself, Detective Timothy Baggitt, and Detective John Esposito. (*See* docket # 99, 101, 103.) The defense presented the testimony of all four Defendants. At the end of the trial, the jury returned a verdict of "no cause of action" on any of Plaintiff's claims.

    Plaintiff now argues that he is entitled to a new trial because Plaintiff's own witnesses, Detectives Baggitt and Esposito, were not excluded from the courtroom, and as a result, they were both able to hear the testimony of Plaintiff, and Detective Esposito was able to hear the

1

testimony of Detective Baggitt.  (Lorenzo Decl. in Supp. of Mot. ¶ 11) [108-3].  Plaintiff did not raise the issue of sequestration until after the jury had already returned its verdict.

    B. **Legal Standard**

Federal Rule of Civil Procedure 59(a) provides a district court with the discretion to order a new trial after a jury verdict "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a).  Under Rule 59, a new trial may be granted if "the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the court's] conscience." *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 366 (3d Cir. 1999).

    C. **Analysis**

Rule 615 of the Federal Rules of Evidence states in part:  "At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion."  Fed. R. Evid. 615.  The exclusion of witnesses from the courtroom is within the sound discretion of the trial judge, and the exercise of that discretion will not be disturbed absent clear abuse. *Gov't of the V.I. v. Edwards*, 233 F. App'x 167, 171 (3d Cir. 2007).  "[I]n order for a court to invoke the extreme remedy of declaring a mistrial, the violation must have prejudiced the defendant." *United States v. Jones*, 48 F. App'x 835, 836 (3d Cir. 2002) (citing *Pickel v. United States*, 746 F.2d 176, 182 (3d Cir. 1984) and *Gov't of the V.I. v. Edinborough*, 625 F.2d 472, 474 (3d Cir. 1980) ("[T]he failure to sequester witnesses is not, in itself, grounds for reversal unless defendant can show prejudice resulting from the failure to sequester.")).

Plaintiff apparently believes that the Court's failure to sequester Baggitt and Esposito—even though Plaintiff never requested that they be excluded—prejudiced his case.  We disagree.  Rule 615 states that witnesses are to be excluded on the Court's own motion or at the request of a

2

party. Plaintiff did not request exclusion, and the Court was unlikely to exclude Plaintiff's own witnesses *sua sponte*. We find that, by failing to raise the issue before trial, before his own testimony, or even before the testimony of Detective Baggitt, Plaintiff essentially waived his sequestration argument. *See United States v. Abbott*, 30 F.3d 71, 73 (7th Cir. 1994) (holding that Defendant "never moved to exclude any witnesses and therefore waived any argument regarding the district court's failure to remove witnesses from the courtroom."); *United States v. Rivera*, 971 F.2d 876, 890 (2d Cir. 1992) (holding that "because of the absence of any request by the defense directed to the presence of two [witnesses] during trial," no error occurred).

To avoid the obvious consequences of his failure to request sequestration, Plaintiff blames the failure on his attorney. He states that he was unaware that Esposito and Baggitt were in the courtroom until the conclusion of his testimony. (Lorenzo Decl. in Supp. of Mot. ¶ 6) [108-3]. At that time, he instructed his attorney to request their sequestration, but his attorney did not raise the issue until after the jury returned the verdict. (*Id*. at ¶¶ 8–9.) Plaintiff's argument that his attorney should have raised the issue immediately amounts to a claim of ineffective assistance of counsel. Allegations of ineffective assistance of counsel, however, do not provide a basis for relief in a civil case. *In re Fleurantin*, No. 09–4376, 2011 WL 1108246, at *2 (3d Cir. Mar. 28, 2011) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962)); *see also Nelson v. Boeing Co*., 446 F.3d 1118, 1119 (10th Cir. 2006) ("The general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial."). Therefore, Plaintiff is not entitled to a new trial because of his attorney's failure to request the exclusion of certain witnesses.

Finally, we note that Plaintiff testified persuasively in favor of his version of events. His version was contradicted, however, not just by Detectives Baggitt and Esposito, but by each of the four Defendants. The jury could have decided to believe Plaintiff's testimony, but they

apparently did not. The exclusion of Detectives Baggitt and Esposito from the courtroom was unlikely to have changed that result.

## CONCLUSION

For the reasons state above, we will deny Plaintiff's motion for a new trial. An appropriate order will follow.


DATE: July 12, 2011

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.